Jin Hyung Lee, Trial Attorney (DC Bar #198095)
U.S. Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 598-7264
jin.hyung.lee@usdoj.gov

MELISSA HOLYOAK, United States Attorney (#9832)
HANNAH L. ANDREWS, Assistant United States Attorney (#18157)
Attorneys for the United States
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
(801) 524-5682

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLARD LAND, LLC,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS,<br><br>Defendant. | **DEFENDANT'S MOTION FOR ABEYANCE AND MEMORANDUM IN SUPPORT**<br><br>Case No. 1:26-cv-00130-HCN-DAO<br><br>Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Defendant U.S. Army Corps of Engineers (the "Corps") respectfully moves the Court to put this case in abeyance and to stay all case-related deadlines pending publication of a final rule providing a revised definition of "waters of the United States" as used in the Clean Water Act.[1] *See* 33 U.S.C. § 1362(7). Plaintiff opposes the relief requested in this motion.

[1] Accordingly, the Corps intends to submit its initial filing pursuant to DUCivR 7-4(b) after the Court rules on this motion.

## INTRODUCTION

Abeyance is appropriate pending the issuance of a final action regarding the regulatory scope of the Clean Water Act. The Environmental Protection Agency and Department of the Army (the "Agencies"), which jointly administer the Clean Water Act, are currently undertaking an administrative process to publish a new rulemaking implementing the jurisdictional test for "waters of the United States" as stated in *Sackett v. EPA*, 598 U.S. 651, 671 (2023).

Publication of a new rule has the potential to moot some or all issues in this litigation challenging the approved jurisdictional determination ("AJD") issued by the Corps. Thus, the Corps respectfully requests that the Court place this case in abeyance until the Agencies have taken a final action on the proposed rule.

## LEGAL BACKGROUND

The Clean Water Act prohibits the unpermitted discharge of dredged or fill material into "navigable waters," which are defined as "waters of the United States." 33 U.S.C. §§ 1344, 1362(7). The Corps specifies whether a particular property contains waters of the United States by issuing jurisdictional determinations on a case-by-case basis. 33 C.F.R. § 331.2. AJDs state the presence or absence of jurisdictional waters. *See U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 595 (2016).

In *Sackett*, the Supreme Court held that "waters of the United States" encompass "only those relatively permanent, standing or continuously flowing bodies of water forming geographical features that are described in ordinary parlance as streams, oceans, rivers, and lakes." 598 U.S. at 671 (citation modified). As applied to wetlands, the Supreme Court held that the party asserting jurisdiction over wetlands must meet a two-part test: "first, that the adjacent body of water constitutes 'waters of the United States,' (*i.e.*, a relatively permanent body of water connected to

traditional interstate navigable waters); and second, that the wetland has a continuous surface connection with that water, making it difficult to determine where the 'water' ends and the 'wetland' begins." *Id.* at 678-79 (alterations omitted). In other words, jurisdictional wetlands are only those that are "as a practical matter indistinguishable from waters of the United States." *Id.* at 678. Simply put, under *Sackett*, "waters of the United States" include (1) relatively permanent waters and (2) wetlands that have a continuous surface connection to a relatively permanent water.

In March 2025, the Agencies commenced an administrative process to obtain stakeholder recommendations about "issues related to the definition of 'waters of the United States.'" 90 Fed. Reg. 13428, 13429 (Mar. 24, 2025). In November 2025, the Agencies published a proposed rule titled "Updated Definition of 'Waters of the United States'" that proposes to revise the definition of "waters of the United States" to, among other bases, "adhere faithfully to the Supreme Court's direction." 90 Fed. Reg. 52498, 52499 (Nov. 20, 2025). Among the proposed revisions, the Agencies proposed to add definitions of "relatively permanent" and "continuous surface connection" for the first time to their regulations. *Id.* The Agencies proposed to define "relatively permanent" as "standing or continuously flowing bodies of surface water that are standing or continuously flowing year-round or at least during the wet season." *Id.* at 52545. And the Agencies proposed to define "continuous surface connection" as having "surface water at least during the wet season and abutting (i.e., touching) a jurisdictional water." *Id.*

After receiving more than 200,000 comments, on September 9, 2026, the Agencies published a supplemental notice of proposed rulemaking for the "Updated Definition of 'Waters of the United States.'" 91 Fed. Reg. 57284 (Sep. 9, 2026). The Agencies provided a supplemental option for the definition of "relatively permanent" as one that "is perennial (i.e., has standing or continuously flowing water every day of the year during ordinary conditions), with certain

exceptions affecting year-round flow . . . ." *Id.* at 57288. And the Agencies proposed a supplemental option for the definition of "continuous surface connection" as meaning "perennial surface water in a wetland that is continuously connected with the surface water in the jurisdictional water such that it is difficult to determine where the jurisdictional water ends and the wetland begins," allowing for certain exceptions for temporary interruptions in the surface water connection. *Id.* at 57294. The comment period for the supplemental proposal closed October 9, 2026. *Id.* at 57284. The Agencies received 86,148 comments as of today and are currently reviewing them. *See* https://www.regulations.gov/document/EPA-HQ-OW-2025-0322-15447.[2]

**FACTUAL BACKGROUND**

On April 30, 2025, the Corps issued an AJD on Plaintiff's property based on the *Sackett* decision and during the Agencies' preparation of the proposed rulemaking. ECF 1 ("Compl.") ¶ 91; ECF 1-2 (Compl. Ex. B).[3] The Corps determined that Plaintiff's property contained a jurisdictional wetland ("Wetland 1") and a relatively permanent water ("Ditch 1") that constitute "waters of the United States." Compl. Ex. B at 2. Plaintiff filed this case in August 2026, alleging that the Corps unlawfully issued the AJD. Specifically, Plaintiff alleges that Wetland 1 and Ditch 1 are not "waters of the United States." Compl. ¶¶ 127-65.

**ARGUMENT**

This Court has inherent authority to order abeyance, as it is incidental to the Court's authority to "control its docket for the purpose of economy of time and effort for itself, for counsel and for litigants." *Baca v. Berry*, 806 F.3d 1262, 1269-70 (10th Cir. 2015); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether an abeyance is warranted, this Court

[2] The rulemaking docket remains in the process of uploading comments.
[3] The allegations of fact in the Complaint are accepted as true solely for purposes of this motion.

may consider whether an abeyance would (1) promote judicial economy; (2) avoid confusion and inconsistent results; and (3) would unduly prejudice the parties or create undue hardship. *FTC v. Nudge, LLC*, No. 2:19-cv-00867-DBB-DAO, 2021 WL 254110, at *2 (D. Utah Jan. 26, 2021). Here, all three factors weigh in favor of abeyance.

**1. The Agencies' further action promotes judicial economy.**

The Agencies' further action clarifying the definition of "waters of the United States" has the potential to moot some or all issues in this case because Plaintiff's claims turn on whether Ditch 1 and Wetland 1 constitute "waters of the United States." Here, the Agencies are considering revising the definition of "waters of the United States" to "adhere faithfully to [*Sackett*]" and have proposed regulatory definitions of "relatively permanent" and "continuous surface connection" that would establish the scope of waters that are jurisdictional under the Clean Water Act. 90 Fed. Reg. at 52499. After the publication of the Agencies' final action, the Corps may reopen the challenged AJD to reassess Ditch 1 and Wetland 1 under those new defined terms and do so in a prompt manner. *See* 90 Fed. Reg. at 52506. Such an administrative reconsideration based on a change in the governing regulations could resolve or narrow the issues in this case. Thus, abeyance is appropriate here. *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388-89 (D.C. Cir. 2012) (granting abeyance where the agency's reconsideration may obviate or substantially narrow the issues before the court); *see, e.g.*, *Springfield Television of Utah v. FCC*, 710 F.2d 620, 623 (10th Cir. 1983) (noting that the case was in abeyance pending agency reconsideration).

The requested abeyance would therefore promote judicial economy by conserving the parties' resources and providing for an efficient and orderly disposition of this case. By contrast, it would be inefficient for the parties to dedicate the substantial time, resources, and expense that would be necessary to prepare an administrative record and engage in motions practice while the

Agencies are finalizing a rulemaking that may allow the parties and the Court to resolve this case without additional litigation.

**2. Abeyance avoids inconsistent results.**

Holding this AJD challenge in abeyance pending the Agencies' clarification of "waters of the United States" would be consistent with other court orders holding the same in different AJD challenges. *See, e.g.*, *Ward Gulfport Props., LP & T. Jerard Gulfport, LLC v. U.S. Army Corps of Eng'rs*, No. 26-cv-10 (S.D. Miss.) (July 31, 2026), ECF 20 (granting the Corps' opposed motion and holding AJD challenge in abeyance); *Baylor Corp. v. U.S. Army Corps of Eng'rs*, No. 2:26-cv-336 (E.D. Va.) (June 10, 2026), ECF 26 (holding AJD challenge in abeyance); *Delta-Sonic Carwash Sys., Inc. v. U.S. Army Corps of Eng'rs*, No. 5:26-cv-00341 (N.D.N.Y.) (June 11, 2026), ECF 12 (granting parties' proposed stipulation to hold AJD challenge in abeyance); *P&L Invs. IX, L.L.C. v. U.S. Army Corps of Eng'rs*, No. 2:25-cv-00472 (E.D. La.) (June 30, 2025), ECF 17 (staying and administratively closing AJD challenge). Accordingly, holding this case in abeyance would avoid inconsistent results given how other courts have proceeded to address challenges to recent AJDs. Further, it would avoid inconsistent results in how the Corps may address challenges to AJDs issued prior to the Agencies' clarification of "waters of the United States."

**3. Plaintiff would not be unduly prejudiced from abeyance.**

Holding this case in abeyance pending the Agencies' clarification of "waters of the United States" will not unduly delay Plaintiff's efforts to develop its property (the "Old Farm Subdivision"). As Plaintiff acknowledges, it will take a lot of time and numerous steps must be accomplished to develop the Old Farm Subdivision. *See* Compl. ¶ 10 (alleging that it took "several years navigating the entitlement process with Willard City Corporation" to obtain subdivision approval). For example, Plaintiff alleges that designing the necessary water and sewer

infrastructure required multiple iterations and that this infrastructure was only one of "several improvements" required before the property could be subdivided. *Id.* ¶¶ 79, 82-85. Plaintiff may well proceed with the other "improvements" while this case is in abeyance. *Id.* ¶ 79.

Moreover, the AJD affects only a small portion of Plaintiff's property. The Old Farm Subdivision is a 142-acre property. Compl. ¶ 70. Wetland 1 comprises only 2.74 acres. *Id.* ¶ 91. And Ditch 1 runs along the edge of the property line. *Id.* ¶ 74.

Additionally, Plaintiff may pursue a Clean Water Act section 404 permit from the Corps to construct the currently designed water and sewer lines. *See* Compl. ¶ 110. The Corps did not deny Plaintiff's permit application; it simply requested additional information. *See* ECF 1-3 (Compl. Ex. C). When Plaintiff did not provide the requested information within the regulatory timeframe, the Corps deemed the application "withdrawn" pursuant to 33 C.F.R. § 325.2(d)(5). *See id.* at 4. The Corps took no final agency action on Plaintiff's permit application, nor did it foreclose Plaintiff from continuing forward with its application process. Plaintiff remains free to resubmit a complete permit application or respond to the Corps' information request to continue forward with its permit application.

Not only can Plaintiff pursue alternative avenues during abeyance, but proceeding straight into litigation would not guarantee Plaintiff a faster or favorable outcome. The Corps is confident that it can, if necessary, defend the agency's decisionmaking that underlies the challenged AJD. Accordingly, if the parties expeditiously brief the merits prior to the Agencies' final action on the definition of "waters of the United States" and the Corps prevails, then Plaintiff will remain in the same situation as today. Further, if the Agencies clarify the definition of "waters of the United States" during briefing and the Corps decides to reconsider the AJD, then the parties and this Court

will have expended substantial resources only to arrive at the same point that the Corps seeks now through this motion.

**CONCLUSION**

For the foregoing reasons, the Court should grant the Corps motion to place this case in abeyance and order all case-related deadlines stayed pending the Agencies' completion of the rulemaking process and taking final action on the definition of "waters of the United States." The Corps proposes providing status reports on the Agencies' progress every 60 days during the abeyance period.

RESPECTFULLY SUBMITTED on this 16th day of October 2026

*/s/ Jin Hyung Lee*
Jin Hyung Lee
Trial Attorney, U.S. Department of Justice
Environmental Defense Section

MELISSA HOLYOAK
United States Attorney

Hannah L. Andrews
Assistant United States Attorney

*Attorneys for Defendant*

**Certificate of Service**

I certify that on October 16, 2026, I filed the foregoing DEFENDANT'S MOTION FOR ABEYANCE with the Court's CMS/ECF system, which will notify each party.

*/s/ Jin Hyung Lee*
JIN HYUNG LEE